IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN RYAN MINNICH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:22-cv-971 |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| **by and through COMMUNITY LOAN** | § | |
| **SERVICING, LLC, as Mortgage Servicer,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Lakeview Loan Servicing, LLC ("Lakeview") (incorrectly named herein as "Lakeview Loan Servicing, LLC, by and through Community Loan Servicing, LLC, as Mortgage Servicer") removes this action from the 224th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On August 1, 2022, Plaintiff John Ryan Minnich ("Plaintiff" or "Minnich") filed an Application for Temporary Restraining Order and Supporting Affidavit (the "Complaint"), *John Ryan Minnich v. Lakeview Loan Servicing, LLC, by and through Community Loan Servicing, LLC, as Mortgage Servicer*; Cause No. 2022CI14314, in the 224th Judicial District Court of Bexar County, Texas. Plaintiff obtained a temporary restraining order stopping the August 2, 2022 foreclosure of the real property commonly known as 5819 Sun Bay, San Antonio, Texas 78244 (the "Property").

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 224th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief and damages for breach of contract.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 224th Judicial District Court of Bexar County, Texas and obtained by Defendant are attached hereto. In support of this removal and as required by Local Rule, please find attached as follows:

**Exhibit A:** Civil Cover Sheet;

**Exhibit B:** Supplement to Civil Cover Sheet;

**Exhibit C:** State Court Docket Sheet;

**Exhibit D:** State Court File; and

**Exhibit E:** Bexar County Appraisal District Record.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendant have not been served in this action and Plaintiff has not requested service. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

      **a.**    **Diversity of Citizenship**

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

9. Based upon Plaintiff's Complaint, Plaintiff is a citizen of San Antonio, Bexar County, Texas.

10. Defendant Lakeview Loan Servicing, LLC is a Florida limited liability company. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lakeview Loan Servicing, LLC's sole member is Bayview MSR Opportunity Corp. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Bayview MSR Opportunity Corp. is incorporated by the State of Delaware and maintains its principal office in Coral Gables, Florida. Bayview MSR Opportunity Corp. is therefore a citizen of both Delaware and Florida. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity purposes.

11. Plaintiff is a citizen of the State of Texas and Defendant Lakeview is a citizen of Delaware and Florida, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

b.     **Amount in Controversy Exceeds $75,000**

12.    Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13.    The Complaint seeks relief from Defendant, including injunctive relief and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

14.     The most recent tax appraisal for the Property sets the market value of the Property at $186,190.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

### IV.     VENUE

15.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

### V.     CONCLUSION

WHEREFORE Defendant Lakeview Loan Servicing, LLC (incorrectly named herein as "Lakeview Loan Servicing, LLC, by and through Community Loan Servicing, LLC, as Mortgage Servicer") removes this action from the 224th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] *See* Exhibit E – Bexar County Appraisal District valuation for the Property for 2022.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and sent to all parties of record on this the 7th day of September 2022.

**VIA ECF:**
John E. Serna
3010 Hillcrest Drive
San Antonio, Texas 78201
johneserna01@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *Shelley L. Hopkins*
Shelley L. Hopkins