IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN RYAN MINNICH, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-22-CV-971-FB |
| § | |
| LAKEVIEW LOAN SERVICING, LLC, by § | |
| and through COMMUNITY LOAN § | |
| SERVICING, LLC, as Mortgage Servicer, § | |
| § | |
| *Defendant*. § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss filed on September 14, 2022 (docket #3). To date, the electronic case filing system for this case reflects that no response or opposition to the motion has been filed.[1]

As set forth in the motion, the allegations in Plaintiff's Application for Temporary Restraining Order and Supporting Affidavit ( the "Complaint") concern Plaintiff's suit to stop the foreclosure on the property located at 5819 Sun Bay, San Antonio, Texas 78244. Defendant's Motion to Dismiss, docket #3 at page 1. Defendant asserts the Plaintiff claims are based on his allegation that Defendant did not allow him additional time to refinance or sell the property, and

---

[1] Western District of Texas Local Rule CV-7(d)(2) provides:

A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

However, it is not proper for this Court to grant a motion to dismiss solely based on a party's failure to respond. *Webb v. Morella*, No. 11-30175, 2012 WL 45411 at *2 n.4 (5th Cir. Jan. 9, 2012); *see Luera v. Kleberg Cnty.*, 460 F. App'x 447, 449 (5th Cir. 2012) (Fifth Circuit Court of Appeals has "approached the automatic grant of a dispositive motion . . . based solely on a litigant's failure to respond, with considerable aversion; and [has] permitted such dismissal only when there is a record of extreme delay or contumacious conduct.").

therefore, Defendant did not act in good faith and somehow breached the terms of the Note and Deed of Trust. *See* Plaintiff's Complaint, Docket #1-4. Plaintiff also alleges the Defendant failed to send proper notices for foreclosure, and takes issue with the legal description included on the notices. Based on these contentions, Plaintiff asserts a cause of action for breach of contract for failure to act in good faith and lack of proper notice. (Docket #1-4).

Defendant contends the Plaintiff's case should be dismissed in its entirety for failure to state a claim because Plaintiff fails to allege sufficient facts in support of his stated actions. Defendant notes that despite the fact that Plaintiff is in default under the Loan Agreement, Plaintiff argues the Defendant breached the loan obligations and requests additional time in which to remedy the default. Defendant maintains that Plaintiff fails to plead a cause of action upon which relief can be granted because: (1) Plaintiff's breach claim does not identify the contract provisions Defendant allegedly breached and Plaintiff cannot maintain this cause when Plaintiff himself is in a prior breach of payment obligations under the loan agreement; (2) there is no private right of action under the Texas Property Code for violation of its provisions; (3) there is no special relationship creating a duty between a mortgagor and mortgage which would create a special duty; (4) Plaintiff has no damages/injury because the foreclosure sale did not occur; and (5) Plaintiff's claims for lack of notice are now moot because of the TRO. Defendant's Motion to Dismiss, docket #3 at page 2.

The standard of review for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), provides:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"

>Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

(Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955; citations omitted). The movant carries the burden of proof for dismissal under rule 12(b)(6). *Burrell v. University of Tex, Med. Branch*, No. H-09-3932, 2010 WL 1640939 at *2 (S.D. Tex. Apr. 21, 2010).

The Court has reviewed the plaintiff's pleadings in light of the foregoing standard as well as defendant's motion and the arguments and authorities presented therein. Based on the arguments and authorities presented and a review of the record in this case, the Court finds the motion has merit and should be granted.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (docket #3) is GRANTED such that all claims asserted in this cause of action and this case are DISMISSED WITH PREJUDICE. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 31st day of October, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE